**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**SWING JUICE LLC,** (AS IT EXISTED IN 2016),
**SWING JUICE, LLC,** (SUCCESSOR AND/OR CONTINUING ENTITY), and
**JOHN DOES 1–10,**
Defendants.

---

**COMPLAINT**

Plaintiff Justin Goldman ("Plaintiff"), by and for his Complaint against Defendants Swing Juice LLC and related entities ("Defendants"), alleges as follows upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

---

**I. INTRODUCTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized public display of Plaintiff's copyrighted photograph depicting Tom Brady (the "Photograph").
2. On or about July 2, 2016, Defendants, through the official Swing Juice branded Twitter/X account (@SwingJuice), publicly displayed the Photograph without authorization by embedding a third-party tweet that rendered the Photograph inline and visible to the public in connection with Swing Juice's commercial brand promotion.
3. Defendants' infringement was complete at the moment of public display. Subsequent deletion of the source tweet, non-rendering of the embed, or later changes in ownership or corporate structure do not negate or cure Defendants' liability.
4. The conduct alleged here is materially indistinguishable from the conduct held infringing on summary judgment by this Court in *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018), which involved the same Photograph and the same unlawful embedding theory.

---

**II. JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.
6. This Court has personal jurisdiction over Defendants because Defendants committed acts of copyright infringement in this District by publicly displaying the Photograph via an interactive online platform that was accessed by users located in New York, including within this District.
7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants committed acts of infringement in this District and because a substantial part of the events giving rise to the claim occurred here.

## III. PARTIES

8. Plaintiff Justin Goldman is a professional photographer and the sole and exclusive owner of the Photograph.
9. Defendant Swing Juice LLC (as it existed in 2016) was, at all relevant times, the owner and operator of the Swing Juice brand and its official Twitter/X account used to promote its commercial apparel business.
10. Defendant Swing Juice, LLC (successor and/or continuing entity) is the entity that later acquired and continued the Swing Juice brand, goodwill, and commercial identity and is liable under theories of successor liability, continuation, and/or vicarious liability.
11. Defendants John Does 1–10 are individuals or entities whose identities are presently unknown but who participated in, directed, controlled, benefited from, or are otherwise legally responsible for the infringing conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Copyrighted Photograph

12. Plaintiff is the author and sole owner of a widely published photograph depicting Tom Brady walking in the Hamptons (the "Photograph").
13. The Photograph is registered with the United States Copyright Office under Registration No. **VAU001250526**, which was issued prior to Defendants' infringement.
14. The Photograph has substantial commercial value and has been licensed for use by major media outlets and brands.

### B. Defendants' Unauthorized Embedded Display

15. On or about July 2, 2016, Defendants, acting through the official Swing Juice Twitter/X account (@SwingJuice), published a post stating, "Can't bring any bigger guns than TB12. Love it," and embedded a third-party tweet containing the Photograph.

16. At the time of publication, the embedded tweet rendered the Photograph inline and visible to the public within Defendants' post, thereby publicly displaying the Photograph to Swing Juice's audience in connection with commercial brand promotion.
17. Defendants did not license the Photograph, did not seek permission from Plaintiff, and had no legal right to publicly display the Photograph.
18. The embedded display constituted a "display" of the Photograph within the meaning of 17 U.S.C. § 106(5).
19. Defendants' infringement was not incidental or personal in nature. It was undertaken by a commercial apparel brand using its official account to drive engagement, brand recognition, and commercial goodwill.
20. The infringement was complete at the moment of public display. Subsequent deletion or non-rendering does not absolve Defendants of liability.

### C. Successor and Continuing Liability

21. Defendants' infringement occurred in 2016. Any later asset transfer, acquisition, or corporate restructuring does not retroactively extinguish liability for a completed act of copyright infringement.
22. Defendant Swing Juice, LLC continued the Swing Juice brand, name, goodwill, and commercial identity and benefited from the brand equity created by prior marketing activities, including the infringing post.
23. At minimum, Defendants' assertions regarding non-assumption of liabilities present fact-intensive issues inappropriate for resolution on a motion to dismiss.

## V. CLAIM FOR RELIEF

**(Copyright Infringement – 17 U.S.C. § 501)**

24. Plaintiff incorporates by reference paragraphs 1–23 as if fully set forth herein.
25. Plaintiff owns a valid copyright in the Photograph.
26. Defendants publicly displayed the Photograph without authorization, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.
27. Defendants' acts constitute copyright infringement under 17 U.S.C. § 501.
28. Defendants acted willfully or, at minimum, with reckless disregard for Plaintiff's rights.

## VI. DAMAGES AND RELIEF

29. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.
30. Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 504.
31. Plaintiff is entitled to recover costs and attorneys' fees pursuant to 17 U.S.C. § 505.
32. Plaintiff is entitled to injunctive and equitable relief pursuant to 17 U.S.C. §§ 502 and 503.

## VII. JURY DEMAND

33. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Awarding statutory damages under 17 U.S.C. § 504;
B. Awarding costs and attorneys' fees under 17 U.S.C. § 505;
C. Granting injunctive relief under 17 U.S.C. §§ 502 and 503;
D. Awarding such other and further relief as the Court deems just and proper.

Dated: January 23rd, 2026
New York, New York

**Justin Goldman**
Plaintiff, Pro Se